DOUGHERTY, J.T.C.
On December 15, 1992 the Director, Division of Taxation (Director) issued a Final Determination of the 1985 Gross Income Tax liability of Charles A. Sabino (Taxpayer) and Dolores C. Sabino, husband and wife (Taxpayers). At issue in the audit of Taxpayers’ 1985 Return were deductions in the computation of the Gross Income Tax category “distributive share of partnership income”.[1] The items disallowed fell into two categories: the direct expenses, consisting of unreimbursed travel and entertainment expenses of a partner incurred in the conduct of the partnership’s business; and the contributions, consisting of a partner’s share of payments characterized as charitable contributions for *31 federal income tax purposes, deductible under § 170 of the Internal Revenue Code (IRC). Taxpayers appealed the disallowance.
Following cross motions for summary judgment, a written opinion was issued on March 1, 1995, Charles A. and Dolores C. Sabino, v. Director, Division of Taxation, 14 N.J.Tax 501 (Tax 1995). A Declaratory Judgment was entered on March 10, 1995. Defendant appealed. The Appellate Division reversed in part:
Thus, just as all business income does not mean all “ordinary” business income, neither do all business expenses connote all “ordinary” expenses. This qualification of what costs and expenses are deductible under N.J.S.A 54A:5-1b in arriving at the net income of a business is implicit in the express provision that such costs and expenses are those “incurred in the conduct” of the business. Facially, then, the Tax Court erred in its reading of Smith and, thus, in its interpretation of N.J.S.A. 54A:5-1b. “[A|ll costs and expenses” are not deductible simply because the business incurred them. They must be “ordinary” business expenses. That is precisely what the present regulation requires____
[WJhat we do decide is that the Tax Court erred in its conclusion that “all costs and expenses” as used in N.J.S.A 54A:5-lb means, virtually, any and all expenses of a business, whether related or unrelated to the conduct of that business.
[Sabino v. Director Div. of Taxation, 296 N.J.Super. 269, 275, 686 A.2d 1197 (App.Div.1996).]
The Appellate Division declined to address “whether ‘ordinary’ expenses within the meaning of Smith is the equivalent of ‘ordinary and necessary’ ” under the federal law standard set out in IRC § 162, and the regulations under that section. Id. It included that issue as one that might be reconsidered on remand.
We remand to the Tax Court the issues of whether “ordinary” business expenses is the equivalent of “ordinary and necessary”, whether the proposed regulations are an appropriate exercise of the Director’s rule-making authority, and whether the Director may, as to charitable contributions, conclusively rely upon the federal return of the partnership ... [citation omittedj. In doing so, we observe that nothing we have here said would prevent the Tax Court from, on remand, declining to exercise further jurisdiction in light of the absence of any real dispute between the taxpayer and in light of the pendency of the [newly] proposed amendments to the critical regulatory provisions.
[Sabino, supra, 296 N.J.Super. at 278, 686 A.2d 1197.]
On remand, all three issues raised by the Appellate Division were briefed and argued.
*32 I.

The “ordinary” gloss

This Court’s March 1, 1995 opinion held the standard for deductibility of a partnership item (i.e. a cost, expense, or loss) to be whether the item was paid or incurred in the conduct of the partnership’s trade, business, or other activity. Sabino, supra, 14 N.J.Tax 501. Implicit in that holding (as in Smith and the Regulations) was the concept of a deductible expense being one incurred “in the ordinary course”. The March 1,1995 opinion also held that the ordinary and necessary standard of IRC § 162 does not apply for determining the income of a partner subject to tax under N.J.S.A. 54A:5-1b and 54A:5-1k.
[U]nder Smith and in accordance with the plain and unambiguous language of N.J.S.A 54A:5-lb, ... the standard for deductibility of an expense of a partnership is whether the expense was paid or incurred in the conduct of the business, profession or other activity of the partnership. This conclusion is fully consistent with N.J.AC. 18:35-1.25(c) and (d)(2), which provide, as to a business, profession or other activity conducted as a sole proprietorship:
(c) A taxpayer’s net profits from business shall be determined by taking into account all costs and expenses incurred in the conduct thereof, except no deduction shall be allowed for tax based income____ No deduction shall be allowed for any expense or loss which is not incurred in the ordinary course of the conduct of taxpayer’s trade or business.
(d) ... (2) A taxpayer’s net profits irom business shall be determined by taking into account expenses or losses incurred in the conduct of the taxpayer’s trade or business which are properly deductible in accordance with the taxpayer’s method of accounting, even if such deductions relate to expenses incurred in earning business income exempt from taxation under the Gross Income Tax Act, or expenses which are partly or wholly nondeductible for Federal income tax purposes or expenses under rules which limit the deductibility of particular business expenses under the Internal Revenue Code.
[Sabino, supra, 14 N.J.Tax at 515-16, (emphasis added) (footnote omitted).]
On remand, Taxpayers assert again that the Direct Expenses and the Contributions were ordinary expenses of a business enterprise. This assertion is not disputed by Director. The March 1,1995 opinion concluded that the Direct Expenses and the Contributions were, consistent with the holding in Smith v. Director, Div. of Taxation, 108 N.J. 19, 527 A.2d 843 (1987), incurred in the regular business of the partnership. Sabino, supra, 14 N.J.Tax at 515. They were neither personal nor unrelated to the *33 conduct of Peat Marwick’s business. Taxpayers seek an affirmation of the March 1, 1995 holding that items paid [ie. by cash method taxpayers] or incurred [ie. by accrual method taxpayers] in the conduct of the business, profession, or other activity of a partnership are deductible in determining a partner’s “distributive share of partnership income” under the Gross Income Tax Act. Taxpayers do not dispute that the deductible cost, expense, or loss will be one which is “ordinary” and paid or incurred in the “regular” or “ordinary” course of the conduct of business, provided that such an interpretation of N.J.S.A. 54A:5-1b does not preclude deduction of “extraordinary” or “one time” costs, expenses, or losses which are items incurred to produce income, and are of the type unquestionably anticipated by the Legislature as being deductible. Costs, expenses, or losses which, although arising only infrequently, may, nonetheless be common, usual, normal, customary, and legitimate; paid or incurred in the “ordinary course”; thus, deductible to determine “net profits from business”.[2]
The March 10, 1995 Declaratory Judgment provides (in part):
1. The standard for deductibility of a partnership expense is the standard set out in N.J.S.A. 54A:5-lb; that is, whether the expense was paid or incurred in the conduct of the business, profession or other activity of the partnership.
The March 1,1995 opinion explains as follows:
As the Court in Smith, supra concluded that the Legislature did not intend to “exclude income that would clearly fall into other categories if it were not earned in the regular course of a business”, from inclusion in a partner’s distributive share of partnership income, 108 N.J. at 27, 527 A.2d 843, so ... [We] must conclude that the Legislature intended that partners, like sole proprietors, would deduct all costs and expenses incurred in the regular course of their business. The Court there articulated that the crucial inquiry for purposes of N.J.S.A. 54A:5-1b was whether *34 the expense was incurred in the conduct of the ordinary (or regular) business, profession or other activity of the partnership.
[Id. at 515 (emphasis added).]
The second issue raised by Director on remand is whether the federal income tax standard of “ordinary and necessary” (IRC § 162) may, as an appropriate exercise of the Director’s rule making authority, be engrafted onto N.J.S.A. 54A:5-1b (and N.J.S.A 54A:5-1k by implication) purely by reason of the language “determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes ...”. N.J.SA 54A:5-lb. This is a bootstrap argument. The interpretive gloss of “ordinary” cannot be used to hoist the standard of deductibility set out so clearly N.J.S.A 54A:5-1b into IRC § 162. The argument here is substantially the argument rejected by the Tax Court in Smith, supra, and Estate of Guzzardi v. Director, Div. of Taxation, 15 N.J.Tax 395 (Tax 1995), aff'd per curiam, 16 N.J.Tax 374 (App.Div.1996). It is also rejected here.

II.

IRC Accounting Methods and §162

The “ordinary” gloss opens, in the Director’s view, the issue of whether the Legislature intended, by use of the phrase “determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes” in N.J.S.A. 54A:5-lb, to
... incorporate more of the federal tax structure than what ordinarily might be considered accounting methods, and whether it is a reasonable exercise of regulatory authority to so incorporate [federal law, beyond what are ordinarily considered ‘accounting’ provisions] in implementing the “ordinary” business loss and expense provision of N.J.S.A 54A:5-lb as construed by Smith!•] ■ • •
[Sabino, supra, 296 N.J.Super. at 277, 686 A.2d 1197].
I conclude that the Legislature did not intend to incorporate “more of the federal tax structure than what ordinarily might be considered accounting methods”, Id., so that I need not consider Director’s recently proposed regulations in terms of their being a reasonable exercise of regulatory authority.
*35 A

Federal Methods Of Accounting In General

IRC §§ 441-483 constitute the statutory law governing the accounting periods and methods allowable for purposes of calculating income subject to federal income tax. These are substantive provisions prescribing the taxable year (the 12 month time period) in which income (loss) earned and allowable items of deduction paid or incurred will be recognized. The Regulations permit taxpayers great flexibility in accounting for taxable income, the objective being the “clear reflection of income”; the matching of income earned, with expenses incurred to produce it, within the appropriate tax year.
(2) [N]o uniform method of accounting can be prescribed for ail taxpayers. Each taxpayer shall adopt such forms and systems as are, in his judgment, best suited to ... [its] needs. However, no method of accounting is acceptable unless, in the opinion of the Commissioner, it clearly reflects income. A method of accounting which reflects the consistent application of generally accepted accounting principles in a particular trade or business in accordance with accepted conditions or practices in that trade or business will ordinarily be regarded as dearly reflecting income, provided all items of gross income and expense are treated consistently from year to year. [Treas.Reg. 1.446-l(a)(2) ].
The vast majority of taxpayers use either the cash receipts and disbursements or accrual methods to account for income. A cursory review of these methods is provided to illustrate the conclusion that accounting methods provide timing rules only.

B.

The Cash Method

The cash receipts and disbursements method is used by nearly all individual taxpayers to compute their taxable income for federal and state income tax purposes. IRC § 446, N.J.S.A 54A:8-3. A taxpayer utilizing this Method includes items of gross income in the taxable year in which actually or constructively received, and deducts allowable expenditures in the taxable year in which actually paid. IRC §§ 451, 461, Treas.Regs. §§ 1.451-1, 1.461-1; See DuBois v. Director, Div. of Taxation, 4 N.J.Tax 11 (Tax 1981), aff'd, 6 N.J.Tax 249 (App.Div.1982), aff'd, 95 N.J. 234, 470 A.2d *36 446 (1983); Smoyer v. Director, Div. of Taxation, 4 N.J.Tax 42 (Tax), aff'd, 6 N.J.Tax 251 (App.Div.1982), aff'd, 95 N.J. 139, 469 A.2d 920 (1983), McMenamy v. Director, Div. of Taxation, 3 N.J.Tax 356 (Tax 1981), aff'd, 6 N.J.Tax 250 (App.Div.1982), aff'd, 95 N.J. 139, 469 A.2d 920 (1983). Income is constructively received by a Cash Method taxpayer when, “although not actually reduced to ... [the] taxpayer’s possession^] ... it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given.” Treas.Reg. § 1.451-2(a).
C.

The Accrual Method

Accrual accounting is widely used by taxpayers engaged in business operations. (See, in general Boris I. Bittker and Martin J. McMahon, Jr., Federal Income Taxation of Individuals, Ch. 36, and specifically 1136.3 at 36-24.) A taxpayer utilizing the accrual method includes income in the taxable year in which all events have occurred which fix the right to receive the income item and the amount can be determined with reasonable accuracy. The accrual method taxpayer deducts allowable items in the taxable year in which all events have occurred establishing the fact of liability, the amount of the liability may be determined with reasonable accuracy and “economic performance” has occurred. IRC § 461.
The economic performance rules under IRC § 461(h)(2) affect the timing of the accrual method taxpayer’s deduction if it depends upon: (i) the provision of services or property (including the use of property) by another to the taxpayer; or (ii) the provision of services or property (including the use of property) by the taxpayer to another. IRC § 461(h)(2)’s requirement of “economic performance” pulls the accrual method taxpayer closer to the cash method taxpayer for the timing of deductions. The accrual method taxpayer is permitted a deduction under IRC § 461(h) only when (i) the services, property or use, the payment for which *37 is an otherwise allowable deduction, are provided to the taxpayer, or (ii) the services, property or use, the taxpayer’s cost for which is an otherwise allowable deduction, are provided by the taxpayer. See Bittker and McMahon, supra, H 36.4, 36-33 to 36-39.[3]

D.

Income And Allowable Deductions

The accounting provisions deal only with “when” issues not “if’ issues. Items generally includable in gross income for Federal purposes are summarized in IRC §§ 61, 71-90. Items specifically excluded from gross income are set out in IRC §§ 101-138. Deductions allowed in the computation of an individual’s (or corporation’s) taxable income are generally included in IRC §§ 161-249. Items not allowed as deductions are found in IRC §§ 261-280H. Hundreds of additional sections apply the foregoing general concepts of income, loss, and deduction to specific taxpayers and specific items.
Under the orderly scheme of federal taxation, one looks to the substantive law set out for items of income and items of deduction to determine their treatment in the calculation of taxable income. The substantive provisions for accounting methods do not provide whether an income item will be included in, or whether an expense item will be deducted from, gross income.

*38
E.

Smith v. Director

Two issues were originally before the Tax Court in Smith, supra. The first was “whether business expenses incurred by [a] partnership, which [were] related to the production of tax-free interest and nontaxable gains, [were] allowable as deductions for purposes of computing a partner’s distributive share of partnership income ...” Smith, supra, 7 N. J.Tax at 190. The second was whether partnership expenses could be offset against dividends received and net gains realized, in the course of the partnership’s securities business, in that calculation. See N.J.S.A 54A:5-1k, 5-1b.
Director relied upon N.J.A.C. 18:35 — 1.14(c)(2) to disallow the partnership expenses. N.J.A.C. 18:35-31.14(c)(2), as then in effect, provided:
2. Net income of a partnership shall be determined and reported on the basis of accepted accounting principles and practices after provision for all eost[s] and expenses incurred in the conduct thereof. No deduction shall be allowed for:
i. Taxes based on income;
ii. Expenses unrelated to the production of taxable income.
The taxpayer in Smith argued that the Regulation was “patently inconsistent with the act and ... constitute^] an invalid exercise of legislative power.” Smith, supra, 7 N.J.Tax at 194 (citation omitted). The Tax Court opinion provides:
In the face of an unambiguous statutory mandate that all costs and expenses be taken into account in determining net profits from a business, a mandate extended by necessary implication to an individual’s distributive share of partnership income, defendant has carved an exception, to wit, those costs and expenses associated with production of income not subject to tax. He cites no statutory authority for the exception; he points to no legislative history; and he cites no New Jersey case in support of his position. Rather, he relies on the tenuous analogue of section 265(1) of the United States Internal Revenue Code, 26 U.S.C.A § 265(1). That statute expressly disallows, under the circumstances delineated therein, deductions for expenses attributable to the production of tax-free income____ Had the Legislature intended to include a similar provision in the Gross Income Tax Act it could have easily done so. The inescapable fact remains that no such provision appears in the act.
Defendant attempts to distinguish between the express statutory command embodied in N.J.S.A 54A'5-lb that all costs and expenses be considered in determining net profits from business and the absence of such explicit direction in *39 the definition of distributive share of partnership income contemplated by N.J.S. A 54A:5-lk by arguing that he has the absolute discretion to define a statutory term, a discretion which he claims is unlimited by statute.
Defendant’s argument is unsound. If an enabling statute fails to establish adequate standards to govern the discretion of an agency, the delegation of authority to the agency is improper. ‘It is settled that the Legislature may not vest unbridled or arbitrary power in the administrative agency but must furnish a reasonably adequate standard to guide it.’ Ward v. Scott, 11 N.J. 117, 123, 93 A.2d 385 (1952).
Defendant is authorized under N.J.S.A. 54A:9-17 to “administer and enforce” the act. This does not authorize him to redraft the statute by administrative pronouncement. “[AJn administrative interpretation which attempts to add to a statute something which is not there can furnish no sustenance to the enactment.” Service Armament Co. v. Hyland, supra, 70 N.J. at 563, 362 A.2d 13.
Defendant’s attempt to carve out an excepted class of business expenses for which no deduction will be allowed constitutes an invalid exercise of legislative power. Feld v. Taxation, Div. Director, 3 N.J.Tax 476 (Tax 1981).
[Smith, supra, 7 N.J.Tax at 196-97.]
The Tax Court concluded in Smith that the disallowance of deductions could not be reconciled with the statute. The regulation was set aside. Smith, supra, 7 N.J.Tax at 202. The Appellate Division affirmed, and the issue was not further appealed. The Supreme Court heard and decided only the second issue.
Director’s argument on remand in the present matter is no different from that rejected in Smith except that: (i) Director here attempts to define a N.J.S.A 54A:5-lb deduction by incorporation of IRC § 162, while in Smith the Director sought to pull in IRC § 265(1); and (ii) Director here relies upon the statute’s requirement that income be calculated in accordance with the method of accounting allowed for federal income tax purposes, to authorize his rulemaking, while in Smith the Director relied upon the absence of a specific definition in N.J.S.A. 54A:5-lk. N.J.S.A. 54A:5-lb is no less clear on its face now than it was when the Tax Court decided Smith.

F.

Baldwin and Estate of Guzzardi

Director relies primarily upon Baldwin v. Director, Div. of Taxation, 10 N.J.Tax 273 (Tax 1988), aff'd per curiam, 237 *40 N.J.Super. 327, 567 A.2d 1021 (App.Div.1990), for the arguments that either: (i) the Legislature expressly intended the phrase “determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes” to pull in the body of federal law under IRC § 162; or (ii) it is proper for the Director to clarify N.J.S.A 54A:5-lb by adopting a regulation which incorporates the concepts of IRC § 162. Baldwin cannot be stretched that far.
One of the issues in Baldwin was whether N.J.SA 54A:5-lc permits the offset of a personal loss (sale of a lawn tractor) against a personal gain (sale of a residence). The Tax Court disallowed the loss deduction. The Tax Court rejected the argument by plaintiffs that the language of N.J.S.A 54A:5-lc, “net gains ..., less net losses, derived from the sale ... of property ... as determined in accordance with the method of accounting allowed for federal tax purposes” permitted the deduction of the loss incurred on the tractor sale. The plaintiffs in Baldwin argued that “method of accounting” meant simply an acceptable overall method such as cash or accrual. The Tax Court found:
[P]laintiffs’ interpretation of the phrase “method of accounting allowed for federal tax purposes” is much too restrictive. This phrase as used in N.J.S.A 54A:5-lc is not limited to the recognized overall methods of accounting ... but rather was intended to include any method or system as used for federal tax purposes “by which taxpayers determine the amount of their income, gains, losses, deductions and credits, as well as the time when such items must be realized and recognized”.
[Id- at 284] (Footnote omitted).
The Tax Court did not conclude that the personal loss disallowance in Baldwin was pursuant to a method or system of accounting. It is clear that under the cash method the loss would have been deductible for both federal and New Jersey income tax purposes. IRC § 461. Rather, the Tax Court’s conclusion was firmly founded upon the intent and design of the Gross Income Tax Act, which was, the Court held, to avoid the tax shelter devices and various loopholes then available under federal law. Baldwin, supra, 10 N.J.Tax 273 at 286-87. The Tax Court noted the long-standing provisions under federal law prohibiting the deduction of personal losses. Given the Legislature’s intent to close (not open) loopholes in the federal law, the Court found the *41 same prohibition of personal loss deduction was implicit in the Gross Income Tax Act. The opinion continues:
The Director points out that allowing plaintiffs to deduct a personal loss from the gain realized in the sale of their house would not only create a new tax loophole contrary to legislative purpose, but would be of “virtually unlimited magnitude”. If plaintiffs construction of the statute were correct, then, the Director notes, the offsetting of gains with personal losses from sales of automobiles, used furniture and clothing would be logically permissible.
Although plaintiffs concede that allowing the offsetting of personal losses could be viewed as a tax loophole, it is one, they argue which the Legislature could have easily avoided by using the phrase “less net losses other than personal losses” instead of the phrase “less net losses”. To the contrary, however, I find that if the Legislature had intended to permit the offsetting of personal losses, a clear deviation from federal income tax practice, it would have expressly set forth a provision to that effect, especially in light of the avoidance-of tax-loophole objective of the act.
[Id. at 286-87 (emphasis added).]
The Tax Court has recognized that Baldwin’s holding is specific to its facts. In Guzzardi, supra the argument that “the reference to federal income tax accounting methods [in N.J.S.A. 54A:5-1c] incorporates all the substantive provisions of the Internal Revenue Code relating to gain and losses” was rejected by the Tax Court as “proving] too much”. Guzzardi, supra, 15 N.J.Tax at 401. Guzzardi concluded:
Ultimately, it is the intent of the New Jersey Legislature that must determine the outcome of this case. It may be quite true, as Baldwin suggests, that the reference to federal income tax accounting methods in the Gross Income Tax Act, is not limited to the accounting provisions of the Internal Revenue Code ... In fact, it may be necessary to incorporate some of the Code’s substantive concepts of gain and loss if N.J.S.A 54A:5-1.e is to be workable at all. Clearly, however, the Legislature did not intend to incorporate through N.J.S.A 54A:5-1.c all the substantive provisions of the Code relating to gains and losses, and just as clearly it did not intend to allow capital loss carryovers.
[Guzzardi, supra, 15 N.J.Tax at 403-04.]
Guzzardi is consistent with DuBois v. Taxation, 4 N.J.Tax 11 (Tax 1981), aff'd, 6 N.J.Tax 249 (App.Div.1982), aff'd, 95 N.J. 234, 470 A.2d 446 (1983). In DuBois, Judge Lario concluded that “methods of accounting” relates to timing issues.
N.J.S.A 54A:5-1 itemizes the various enumerated categories of income to be taxed
*42 Subsection (b) includes the net profits from a business, profession or other activity, “determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes.” Under this provision net profits are recognized either (i) when they are received; or, (ii) when they accrue, depending on the taxpayer’s method of accounting.
Under subsections (a), (b) and (c) the Legislature set forth rules as to timing of recognition____
[DuBois, supra, 4 N.J.Tax 11, 21-22 (Tax 1981) (emphasis added).]
While it is true that the issue in DuBois requiring analysis of the accounting method provision was different from the issue now on remand to this Court, DuBois is, nonetheless, a clear explanation of the plain language of the statute.

G.

IRC § 461
IRC § 461 governs the taxable year in which otherwise allowable deductions are recognized:
(a) General Rule. — The amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income.
[IRC § 461(a).] [emphasis added]
“This subtitle” refers to Subtitle A of Title 26 of the United States Internal Revenue Code, 26 U.S.C.A. Subtitle A contains all of the substantive law regarding income taxation of individuals, partnerships, estates, trusts, personal holding companies, qualified settlement funds, pension entities, exempt organizations, banking institutions, regulated investment companies, real estate investment trusts, and others. Subtitle A includes nearly 1600 sections. Among those many sections are the provisions allowing deductions from gross income. Director’s argument would of necessity implicate any of those IRC provisions which pertain to the income and deductions of taxpayers subject to N.J.S.A 54A:5-lb. Director attempts to isolate IRC § 162 as the single provision under Subtitle A of Title 26 of the United States Internal Revenue Code to be incorporated. Director does not address whether taxpayers subject to the Gross Income Tax Act might also deduct interest as provided in IRC § 165, charitable contributions in IRC § 170, net *43 operating losses in IRC § 172, or any of the other items of deduction which may be allowed for federal income tax purposes.
In Smith, the Supreme Court held:
We disagree that the Legislature patterned the New Jersey Gross Income Tax Act on the Internal Revenue Code. Even a cursory comparison of the New Jersey Gross Income Tax and Internal Revenue Code indicate that they are fundamentally disparate statutes____ Moreover, when the Legislature intended to incorporate federal income tax concepts, it did so explicitly.
[Smith, supra, 108 N.J. at 32-33, 527 A.2d 843.]
After Smith there simply is no room for Director’s argument.
In Smith, the Court matched items of income realized in the conduct of taxpayer’s business with items of expense incurred to earn that income. See Smith, supra, 108 N.J. at 31, 527 A.2d 843. The Court explained the statute’s foundation in what it termed the “sound economic practice” of matching income with expenses to produce income.
Here, business expenses incurred by a partnership in the ordinary course of its business are being applied against that partnership’s income, also earned in the ordinary course of its business. No business expenses are being applied against income derived from an unrelated source.
[Smith, supra, 108 N.J. at 31, 527 A.2d 843.]

H.

Conclusion

IRC § 162’s “ordinary and necessary” standard does not apply to define N.J.S.A. 54A:5-lb’s “net profits from business”. Items of cost, expense, and loss, which are paid or incurred in the ordinary course of the conduct of a partnership’s business, profession, or other activity are deductible against income earned in that same sphere. Deductible items will be those which are “regular” and “ordinary”. More precision in definition must come when (and ¡0 cases with specific facts arise.[4] The direct expenses *44 originally at issue here having been incurred in the ordinary course of the conduct of Peat Marwick’s business would have been deductible by Taxpayers in calculation of their distributive share of partnership income. The direct expenses were related to travel and entertainment and included: gasoline, parking, tolls, meals, lodging, air travel, car rentals, taxis, entertainment, and gifts. They may also be described as regular and ordinary.

III.

Charitable Contributions

The March 1, 1995 opinion concluded that the federal law distinction between an expense deductible under IRC § 162 and a payment deductible under IRC § 170 was irrelevant for New Jersey Gross Income Tax purposes. Sabino, supra, 14 N.J.Tax at 516. This conclusion remains valid on remand.
The Director’s position on remand assumes that Peat Marwick had a choice or option under federal law to deduct the contributions either as IRC § 162 trade or business expenses or as IRC § 170 charitable contributions. Director seeks to bind taxpayers to the “deduction election” made by the partnership on its return. His position characterizes the contributions not by reference to the N.J.S.A. 54A:5-lb standard, but by reference to standards under federal law which do not apply. This position is rejected now as it was originally.
The body of law under IRC § 162 and § 170 does not apply to define allowable deductions under N.J.S.A. 54A:5-lb and 5-lk.[5] The Gross Income Tax Act test is merely whether the eontribu *45 tions were paid (incurred) in the ordinary course of the conduct of the partnership’s business, profession, or other activity. The contributions would clearly have met the standard.
The Appellate Division, as well as the parties, look to A.P. Smith Mfg. Co. v. Barlow, 26 N.J.Super. 106, 117, 97 A.2d 186 (Ch.Div.), aff'd, 13 N.J. 145, 98 A.2d 581 (1953) to support their various conclusions and arguments. The trial court opinion in A.P. Smith clearly offers guidance as to when contributions may be deductible under the N.J.S.A. 54A:5-1b standard articulated above. That opinion provides:
*46 Anything that tends to promote with the public a company’s good-will is a reasonable measure toward the corporate objective of earning profits. Contributions to [any established or recognized charity, educational institution (public or private), or other welfare organization] ... engender^] respect and appreciation on the part of the general public and certainly places the giving corporation on a better platform of public esteem than the one who padlocks its treasury against appeals for the public good. Therefore, in a real sense the contribution here under consideration is one that would have a tendency to enlarge upon and improve that good-will which the plaintiff company already enjoys ... There is also the broader question here involved, namely, that the contribution here in question is towards a cause which is intimately tied into the preservation of American business and the American way of life. Such giving may be called an incidental power, but when it is considered in its essential character, it may well be regarded as a major, though unwritten, corporate power. It is even more than that. In the Court’s view of the case it amounts to a solemn duty.
[Id, 26 N.J.Super. at 116-117, 97 A.2d 186.]
The principles enunciated in A P. Smith, and plain common sense will guide taxpayer and the Director in determining when a contribution is made in furtherance of business.
Merely as an aside, this Court believes that the contribution which is ultimately deductible as an expense paid or incurred in the ordinary course of the conduct of the business, profession, or other activity, under N.J.S.A 54A:5-lb, will also be one which is deductible under federal law. The greater the certainty of a return to the donor, the more likely the federal deduction will fall under IRC § 162, as an expense to produce income. The more tenuous the expected return, the. more likely it will fall under IRC § 170. Either way, the payment will be offset against gross income. See Bittker and McMahon, supra, ch. 22 ¶ 22.1; Ch. 10 ¶ 10.1.
The March 1, 1995 opinion, and March 10, 1995 Declaratory Judgment were intended to define the standard for deduction under N.J.S.A. 54A:5-1b (and 1k) as requiring the item of cost, loss, or expense to be incurred in the ordinary, or regular, course of the conduct of the partnership’s trade, business, profession, or other activity. That qualification of “ordinary” or “regular” is not the equivalent of “ordinary and necessary” in IRC § 162. The statutes (N.J.S.A 54A:5-1b and 5-1k) are determined here (as in the March 1, 1995 opinion) to be clear; permitting no further extension by regulation. As to the deduction for contributions to *47 charitable organizations which may be allowable under N.J.S.A. 54A:5-lb, the characterization on the partnership’s federal income tax returns or on the Form K-l issued to the individual partners is irrelevant.
The March 10,1996 Judgment will be amended by the insertion of “ordinary (regular)” in paragraph 1. The Judgment will be prepared by this Court.

 “Distributive share of partnership income" is not specifically defined in the statute. The meaning is derived from the definition of “net profits" in N.J.S.A. 54A:5-1b.
N.J.S.A. 54A:5-1 provides that:
New Jersey gross income shall consist of the following categories of income:
b. Net profits from business. The net income from the operation of a business, profession, or other activity, after provision for all costs and expenses incurred in the conduct thereof, determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes but without deduction of taxes based on income.
k. Distributive share of partnership income.

 For example, the replacement of a roof on taxpayer’s business premises is an expense which occurs infrequently and yet is “ordinary" in the sense of being of a type common to the ownership of a building. It could not reasonably be disputed that the Legislature intended a taxpayer to recover this cost under the depreciation method of accounting. That method permits recovery over the term of years during which the asset will be used in the trade, business or other activity, rather than solely in the tax year in which the expense was paid or incurred.

 Bittker and McMahon give the following examples of the "timing” issues addressed by IRC 461(h)(2): .
If ... a taxpayer contracts to purchase a service in year 1 and both the amount and obligation to pay for the service are fixed, but the service is not performed until year 2, the liability does not accrue [i.e. is not deductible by the accrual basis taxpayer] until year 2.... Rent or interest, for example, accrue over the term of the lease or loan.
Assume ... that a taxpayer sells furnaces under an agreement requiring yearly maintenance for a designated period after sale. Even though the liability for the maintenance work is fixed when the furnace is sold, and even if the amount of this liability can be estimated with reasonable accuracy, the deductions for the maintenance work accrue only when the work is done."
[Bittker and McMahon, supra, ¶ 36.4, 36-38 to 36-39 (emphasis added).]

 See CIR v. Duberstein, 363 U.S. 278, 288, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218, 1226, n. 9 (1960), where Justice Brennan offers the words of Justice Cardozo to soothe the discomfort caused by less than precise tests in taxation matters. While the Duberstein standard does not apply under New Jersey law, Justice Cardozo’s sentiment does:
*44 One struggles in vain for any verbal formula that will supply a ready touchstone ... [to the inquiry of whether an expense is "ordinary and necessary"] The standard set up by the statute is not a rule of law; it is rather a way of life. Life in all its fullness must supply the answer to the riddle. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212, 215.

 No discussion of IRC §§ 162 and 170 is included here because of the determination that the Gross Income Tax Act’s standard for deduction is not an incorporation of federal law. Beyond that determination, it is suggested that *45 IRC §§ 170 and 162 are not mutually exclusive, as Director has asserted. See Treas.Regs. §§ 1.170A-l(c)(5) and 1.162-15 (reproduced in part below).
§ 1.162-15 Contributions, dues, etc.
(a) Contributions to organizations described in section 170 — (1) In general. No deduction is allowable under section 162(a) for a contribution or gift by an individual or a corporation if any part thereof is deductible under section 170. For example, if a taxpayer makes a contribution of $5,000 and only $4,000 of this amount is deductible under section 170(a) (whether because of the percentage limitation under either section 170(b)(1) or (2), the requirement as to time of payment, or both) no deduction is allowable under section 162(a) for the remaining $1,000.
(2) Scope of limitations. The limitations provided in section 162(b) and this paragraph apply only to payments which are in fact contributions or gifts to organizations described in section 170. For example, payments by a transit company to a local hospital (which is a charitable organization within the meaning of section 170) in consideration of a binding obligation on the part of the hospital to provide hospital services and facilities for the company’s employees are not contributions or gifts within the meaning of section 170 and may be deductible under section 162(a) if the requirements of section 162(a) are otherwise satisfied.
(b) Other contributions. Donations to organizations other than those described in section 170 which bear a direct relationship to the taxpayer's business and are made within a reasonable expectation of a financial return commensurate with the amount of the donation may constitute allowable deductions as business expenses, provided the donation is not made for a purpose for which a deduction is not allowable by reason of the provisions of paragraph (b)(l)(i) or (c) of § 1.162-20. For example, a transit company may donate a sum of money to an organization (of a class not referred to in section 170) intending to hold a convention in the city in which it operates, with a reasonable expectation that the holding of such convention will augment its income through a greater number of people using its transportation facilities.