CRABTREE, J.T.C.
Plaintiff seeks review of a deficiency in gross income tax determined by defendant for taxable year 1987. The amount of the deficiency is $43,867.43, plus interest. The deficiency arises from defendant’s disallowance of nonbusiness bad debt losses amounting to $995,557 deducted on plaintiff’s 1987 gross income tax return. In his complaint plaintiff increased his claimed loss on one transaction from $742,202 to $1 million. This particular loss, plaintiff alleged, arose from plaintiff’s guaranty of a loan and payment thereof in 1987 upon the debtor’s default.
The parties have agreed that the court may decide the threshold legal issue of whether plaintiff is entitled to a bad debt loss deduction for New Jersey gross income tax purposes. If the court rules in plaintiff’s favor, the case will be set down for trial on the factual issues of the amounts of the losses and when they became fixed.
Plaintiff contends that the losses in question are deductible for federal income tax purposes as nonbusiness bad debts by virtue of § 166(d)(1)(B) of the Internal Revenue Code which permits deduction of such debts as short-term capital losses. He concludes from this that the losses are also deductible for New Jersey gross income tax purposes by reason of N.J.S.A. 54A:5-l(c), which taxes “[n]et gains or net income, less net losses, derived from the sale, exchange or other disposition of property, ... as determined in accordance with the method of accounting allowed for federal income tax purposes.”
*452 Plaintiff argues that the phrase “method of accounting allowed for federal income tax purposes” incorporates federal income tax concepts and substantive federal tax rules in determining income, gains and losses; the quoted phrase, he argues, is not limited to overall accounting techniques, such as cash or accrual methods. Plaintiff cites Baldwin v. Taxation Div. Director, 10 N.J.Tax 273 (1988), aff'd on another issue 237 N.J.Super. 327, 567 A.2d 1021 (App.Div.1990), a case in which Judge Andrew held that the substantive prohibition against deducting personal losses found in IRC § 165 was incorporated in N.J.S.A. 54A:5-l(c) as a method of accounting allowed for federal income tax purposes.
Whatever may be the merits of plaintiffs argument concerning interpretation of the phrase “method of accounting,” the court need not address the issue. In Baldwin, the taxpayer actually sold an asset at a loss. Here, there was no sale, but plaintiff argues that the alleged bad debt losses fall within the contemplation of N.J.S.A. 54A:5-l(c) as net losses from the sale, exchange or other disposition of property because § 166(d)(1)(B) of the Internal Revenue Code provides that non-business bad debt losses “shall be considered a loss from the sale or exchange, ... of a capital asset held for more than one year.” Emphasis supplied. Plaintiff also contends, in this same connection, that the point at which a debt becomes worthless is a “disposition” within the meaning of N.J.S.A. 54A:5-1(c).
 Plaintiffs arguments do not withstand scrutiny in the harsh light of fundamental principles of statutory construction. In construing a statute, the court must consider not only the particular statute in issue but the entire legislative scheme of which it is a part. Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 527 A.2d 1368 (1987); Beaudoin v. Belmar Tavern Owners Ass’n, 216 N.J.Super. 177, 523 A.2d 256 (App.Div.1987), certif. den. 107 N.J. 626, 527 A.2d 451 (1987). Put somewhat differently, the true meaning and intent of legislation must be derived from the whole act, not merely from a *453 single component part thereof. Denbo v. Moorestown Tp., 23 N.J. 476, 129 A.2d 710 (1957); Application of Boardwalk Regency Corp. for a Casino License, 180 N.J.Super. 324, 434 A.2d 1111 (App.Div.1981), modified 90 N.J. 361, 447 A.2d 1335 (1982), app. dism. sub nom. Perlman v. Attorney General of New Jersey, 459 U.S. 1081, 103 S.Ct. 562, 74 L.Ed.2d 927 (1982).
The particular provision in issue, N.J.S.A. 54A:5-l(c) must be read and interpreted in the context of the Gross Income Tax Act as a whole.
The New Jersey gross income tax is a tax on gross income reduced only by certain limited deductions and credits. Sorensen v. Taxation Div. Director, 2 N.J.Tax 470, 476, 184 N.J.Super. 393, 399, 446 A.2d 213, 216 (Tax Ct.1981). With a few minor exceptions, the deductions allowable in determining taxable income under the New Jersey Gross Income Tax Act pertain to expenses incurred in the production of gross income, such as expenses of a sole proprietorship incurred in the conduct of a business. See, e.g., Boudrot v. Taxation Div. Director, 4 N.J.Tax 268 (1982) (taxpayer, a voice-over TV commercial announcer, held to be an independent contractor, not an employee, and thus entitled to deduct business-related expenses); Landwehr v. Taxation Div. Director, 6 N.J.Tax 66 (1983) (manufacturer’s representative held to be an independent contractor, not an employee, and thus entitled to deduct business-related expenses); Marrinan v. Taxation Div. Director, 10 N.J.Tax 542 (1989) (taxpayer entitled to offset expenses and losses incurred in securities trading against dividend and interest income because he was engaged full time in the trade or business of a securities trader). Claimed deductions were disallowed where taxpayers failed to prove that they were engaged in a trade or business as distinguished from merely investing for their own account. Walsh v. Taxation Div. Director, 4 N.J.Tax 107, 183 N.J.Super. 370, 443 A.2d 1128 (Tax Ct.1982); Gilligan v. Taxation Div. Director, 11 N.J.Tax 414 (1991).
The Legislature’s conscious refusal to pattern the gross income tax on the United States Internal Revenue Code was *454 underscored by our Supreme Court in Smith v. Director, Div. of Taxation, 108 N.J. 19, 527 A.2d 843 (1987):
We disagree that the Legislature patterned the New Jersey Gross Income Tax on the Internal Revenue Code. Even a cursory comparison of the New Jersey Gross Income Tax and the Internal Revenue Code indicate that they are fundamentally disparate statutes. The federal income tax model was rejected by the Legislature in favor of a gross income tax to avoid the loopholes available under the Code. For example, the Code taxes all income, from whatever source derived, except income expressly exempted from tax. I.R.C. § 61. On the other hand, the Gross Income Tax Act only taxes expressly identified classes of income. The Code taxes all income on a net consolidated basis. The Gross Income Tax Act taxes some income on a net basis and other income on a gross basis. The Gross Income Tax Act establishes “categories” of income against which the cross-netting of losses is barred. No such device is included in the Code.
[ 108 N.J. at 32, 527 A.2d at 849-50]
The Court also observed:
The Act’s legislative history clearly indicates that the Legislature intended to and did reject the federal income tax model in favor of a gross income tax act in order to avoid tax loopholes available under the federal tax laws ...
[Id. at 33, 527 A.2d at 850]
Thus, the overall statutory scheme is evident. Except for business-related expenses of proprietorships and partnerships no deduction is allowable unless specifically authorized by the statute. The New Jersey Gross Income Tax Act contains no provision authorizing a deduction of a worthless nonbusiness debt. Such a debt does not fit the statutory rubric of “sale, exchange or other disposition of property” found in N.J.S.A. 54A:5-l(c). To permit a bad debt loss deduction as a disposition of property would effectively convert a tax on gross income with a top rate of 3.5 = %[1] to a tax on net income. (The top rate of the federal income tax, a tax on net income, was 28 = % in 1987).
In view of the foregoing the court concludes that as a matter of law, a loss sustained when a nonbusiness debt be *455 comes worthless is not deductible under the New Jersey Gross Income Tax Act.
Judgment will be entered for defendant.

The top rate of the gross income tax for 1987, the year under review, was 3.5 = %. The top rate was increased to 7 = % by L. 1990, c. 61, § 12, effective January 1, 1991.