LARIO, J.T.C.
This is an appeal by plaintiff, American Telephone & Telegraph Company (AT & T), from a determination of defendant, Director, Division of Taxation, disallowing certain deductions taken by plaintiff from its taxable income on its 1983 New Jersey corporation business tax (CBT) return.
The issue presented in this appeal is whether AT & T, in computing its entire net income under the New Jersey Corporation Business Tax Act, N.J.S.A 54:10A-1 et seq. (CBT act), may *536 deduct amounts contributed by it to its tax credit employee stock ownership plan (ESOP) on its 1983 CBT return. A deduction was taken by plaintiff but disallowed by the Director, who contends she properly disallowed plaintiffs deduction for its contribution because the CBT act does not allow a deduction for amounts taken as a federal ESOP credit.
The parties have stipulated the facts, the material portions of which are as follows:
AT & T is a corporation organized under the laws of the State of New York and it is duly qualified to do business in the State of New Jersey. Plaintiff was the common parent of an affiliated group of corporations, referred to as the Bell System, which filed a consolidated Federal Corporate Income Tax return (federal return) for the year 1983 and for prior years. For purposes of its 1983 CBT return, plaintiff computed its pro forma federal return as if it had filed a separate federal return for the year 1983 and for prior years. The pro forma federal return reflected $6,564,-068,010 at line number 28—“taxable income before net operating loss deduction and special deductions.”
Plaintiff created an ESOP[1] under Internal Revenue Code (I.R.C.) section 44G(a)(l)[2]. The ESOP to which plaintiff made a contribution was a qualified defined contribution plan and met the ESOP’s requirements under the I.R.C.
By letter dated September 13, 1984, plaintiff notified the ESOP’s trustee about its 1983 ESOP contribution in the amount of $41,754,910. This amount represents the total contribution, as shown on AT & T’s consolidated federal return, by all of its affiliated companies at the time the 1993 federal return was filed. AT & T’s 1983 ESOP contribution of $41,754,910 was properly *537 made under the I.R.C. and met the ESOP requirements of the I.R.C.
On its 1983 CBT return, plaintiff deducted $9,742,119 from its entire net income on the basis it was a contribution to its ESOP. This amount represents AT & T’s part of the ESOP contribution which had been taken as a credit on the consolidated federal return filed by the affiliated group of which plaintiff was the parent.
A copy of a form “Statement of Election Under Section 44G(a)(l) of the Internal Revenue Code” was attached to and filed with plaintiffs consolidated federal return. Additionally, AT & T filed the IRS form entitled “Credit for Employee Stock Ownership Plan.”
For federal purposes, plaintiff took a tax credit for its ESOP contribution under I.R.C. section 44G(a)(l) and has incurred no excess carryback or carryforward employee stock ownership credits.[3] The Tax Reform Act of 1986 repealed credits to ESOPs, therefore, 1986 was the last year a taxpayer could take this credit against its federal corporation income tax.
On its pro forma federal return plaintiff took a foreign tax credit, a jobs credit, an investment tax credit, a research credit, and an ESOP tax credit.
Plaintiff took an investment tax credit and a research credit on its consolidated 1983 federal return but on its 1983 CBT return plaintiff claimed no deduction, nor does New Jersey allow a deduction, for the investment tax credit or the research credit. New Jersey does allow, and plaintiff has claimed, a deduction in the amount of wages used to compute the jobs credit and a deduction for foreign taxes paid and upon which the foreign tax credit is computed.
*538 Plaintiff duly obtained an extension of time within which to file its 1983 CBT return and timely filed it on or about October 15, 1984, paying therewith the tax as shown thereon of $2,409,457, less credits allowed for payments previously made of estimated tax and tentative tax, plus interest in accordance with law.
On November 12,1987, defendant assessed an additional tax for 1983 against plaintiff in the amount of $179,577 tax, plus $34,120 interest, for a total of $213,697. This assessment resulted in a refund due of $220,287.
The tax and interest assessed as to the year 1983, in the total amount of $213,697, was paid by means of a set-off by defendant against a refund due from defendant to plaintiff. The total amount of additional tax and interest paid by plaintiff as a result of defendant’s denial of plaintiff’s deduction in the amount of $9,742,119 was $149,655.
Plaintiff timely filed a protest of said assessment and requested a hearing. An informal hearing was held after which defendant issued a final determination letter sustaining the original assessment.
Thereafter, plaintiff filed a complaint with the Tax Court challenging the deficiency assessment imposed by defendant.
Plaintiff claims that a corporation’s contributions to an ESOP are deductible under the I.R.C.; that New Jersey’s CBT Act permits the deduction of employer contributions to a qualified stock bonus plan and that judicial and administrative precedents in a majority of other states permit the deduction, on a state income tax return, of ESOP contributions eleetively taken as a tax credit on the taxpayer’s federal return. It further alleges that the Director’s disallowance constitutes an illegally adopted regulation.
The Director responds that AT & T had no authority to take a deduction when calculating its federal taxable income on its CBT return; that because plaintiff elected to take a credit for payments made to the ESOP, its federal taxable income did not reflect a deduction for the amounts of any ESOP contributions and that it would be inequitable to permit a deduction for ESOP credits for *539 which AT & T is fully reimbursed by federal tax credits, i.e., only if the federal credits do not cover AT & T’s full contributions may it take a deduction for the portion not covered for federal purposes. She also denies that disallowance of the deduction requires the adoption of a regulation.
The CBT act is a franchise tax exacted by the State of New Jersey from every domestic and foreign corporation for the privilege of doing business, employing or owning capital, or maintaining an office in the State of New Jersey. N.J.S.A 54:10A-2. The tax is computed by adding together prescribed percentages of a taxpayer’s net worth and “entire net income.” N.J.S.A 54:10A-5; Rocappi, Inc. v. Taxation Div. Director, 3 N.J.Tax 311, 316, 440 A.2d 96 (Tax 1981). “Entire net income” is defined in N.J.S.A. 54:10A-4(k) as:
Entire net income shall mean total net income from all sources---- For the purpose of this Act, the amount of a taxpayer’s entire net income shall be deemed prima facie to be equal in amount to the taxable income, before net operating loss deductions and special deductions, which the taxpayer is required to report to the United States Treasury Department for the purposes of computing its federal income tax; provided, however, that in the determination of such entire net income
(2) Entire net income shall be determined without the exclusion, deduction or credit of:
(A) The amount of any specific exemption or credit allowed in any law of the United States imposing any tax on or measured by the income of corporations. [Emphasis added]
Hence, the amount of AT & T’s “entire net income” for 1983 must initially be determined. Plaintiff claims that its contributions to the ESOP were deductible in computing its federal tax under I.R.C. section 404(a) which for the year 1983 provided in relevant part:
General Rule: If contributions are paid by an employer to or under a stock bonus ... plan ... such contributions ... shall not be deductible under Section 162 (relating to trade or business expenses) or Section 212 (relating to expenses for the production of income); but if they satisfy the conditions of either of such sections, they shall be deductible under this section____
Defendant denies AT & T’s contribution is deductible under section 404(a) because it is precluded by I.R.C. section 44G(c)(5) which directs that “[e]xeept as provided in section 404(i) [deducti *540 bility of unused portions of employee stock ownership credit] no deduction shall be allowed under Section 162, 212, or 404 for amounts required to be transferred to an [ESOP] under this section.”
Plaintiff replies that section 44G(c)(5) does not apply by way of the following argument:
If, Plaintiff for any reason did not elect to take the ESOP credit against tax, Plaintiff’s contribution to the ESOP could not have been deducted for federal income tax purposes. In other words, Plaintiff was entitled to a tax credit or nothing.
Section 44G(e)(5) does not operate to prohibit the deduction on the taxpayer’s Federal income tax return of all contributions to an ESOP, but only to prohibit the deduction of those same contributions for which the taxpayer has elected to take a credit. The plain and unambiguous words of section 44G(a)(l) state: “[I]n the case of a corporation which elects to have this election apply for the taxable year____” [Emphasis added]. A statute must be read so as to give effect to all of its provisions. [Citations omitted] Congress cannot be presumed to have inserted meaningless words nor to have required taxpayers to perform useless or meaningless acts. The requirement for the annual filing of a Form 8007 and an annual Statement as to the election is an election to claim an ESOP tax credit for that taxable year in lieu of the deduction which is generally allowed under IEC section 404 for employer contributions to a stock bonus plan qualified under section 401(a). It is absurd to contend that Congress provided a useless and meaningless election between a credit and no tax benefit whatsoever while ignoring an already existing deduction of the expense for which the credit could be elected. The instructions for Form 8007, state: “Purpose—Corporations ... may elect to take a tax credit for transferring employer securities ... to its employee stock ownership plan” (emphasis added). If the election is not made, then the general rule, that the contribution could be deducted under section 404, remains operative and dictates the tax effect of the contribution.
Thus, plaintiff argues that its action was not an election as intended by Congress.
I find plaintiffs interpretation of the I.R.C. to be without merit. I.R.C. section 44G(a)(l) (repealed 1986) permitted a qualified corporation, which so elected, to take a credit for contributions to an ESOP. I.R.C. section 44G(b)(2) (1983) permits any unused credit to be carried back three years and carried forward 15 years. Section 44G(c)(5) (1983) prohibits any deduction for contributions to an ESOP except under section 404(i) (1983). Section 404(i) allows a deduction for any unused credit carryover in the last tax year in which an unused credit for contributions to an ESOP may be carried over for the .amount of the unused ESOP credit.
*541 An analysis of plaintiffs plan shows that plaintiff established its plan to take a credit not a deduction. To claim an ESOP credit, a taxpayer must indicate its intention to do so by filing with the I.R.S. form No. 8067, entitled “Credit for Employee, Stock Ownership Plan,” which the plaintiff filed. The stipulated facts show that plaintiff did take a dollar-for-dollar credit for its contributions to the ESOP pursuant to I.R.C. section 44G(a)(l). The stipulation also reveals that there were no unused credits to be carried back or forward. Hence, section 44G(c)(5) did effectively operate to prohibit plaintiff from taking a deduction under section 404(a). The only provision under which the I.R.C. would permit a deduction for ESOP contributions, section 404(i), does not apply to the facts at hand because plaintiff has no unused credits.
Because AT & T does not fit within the exception of section 404(i) and elected to take a credit for its ESOP contributions, it cannot deduct the contributions which were fully credited; it must include that amount in arriving at its adjusted gross income, which it must report on line 28 of its federal return. Accordingly, there is no viable argument that the amount of AT & T’s ESOP contributions are not required to be reported for purposes of computing its federal income tax.
Nevertheless, irrespective of the interpretations to be given to I.R.C. sections 404(a) and 44G(c)(5), it is the direction contained in New Jersey’s CBT act which is controlling.
Plaintiff cited several decisions of other states and their interpretations to support its claim that judicial and administrative precedents in a majority of the states permit, on a state’s income tax return, a deduction for ESOP contributions electively taken as a tax credit on the taxpayer’s federal income tax return. Conversely, defendant alleges, supported by citations, and her interpretations thereof, that a majority of the court decisions disallow the deduction.
Based upon the briefs submitted by each party and the cases respectively cited, it is apparent that diverse rulings exist, however, it is acknowledged that most of the decisions are based upon the state court’s interpretation of its own tax statutes. There *542 exist limitations and difficulty in relying on rulings of other jurisdictions relative to this issue because of the dissimilarities and peculiarities in the wording of the underlying statutes and because of the differences in the applicable rules of construction for deductions. Therefore, those cases provide little assistance. As concluded by our Appellate Division:
The interpretation of out-of-state statutes by the courts of the jurisdictions are rarely helpful in providing an appropriate key to the interpretation of a New Jersey statute because of differing public policy concepts and objectives.
[Autotote Ltd v. New Jersey Sports Authority 171 N.J.Super. 480, 489, 410 A.2d 52 (App.Div.1979), rev’d on other grounds, 85 N.J. 363, 427 A.2d 55 (1981).]
Connecticut’s Supreme Court has demonstrated its agreement with this concept: “[W]e are unpersuaded that the reasoning of other courts interpreting different statutes significantly illuminates the issue before us.” Circuits, Inc. v. Dubno, 213 Conn. 442, 568 A.2d 457, 459, n. 5 (1990).
Accordingly, I conclude that the correct determination of this issue is not to be found by an analysis and interpretation of the decisions of other state courts, but instead, by an analysis and interpretation of New Jersey’s CBT act.
As heretofore noted, the CBT is computed by utilizing the corporation’s “entire net income” as defined by N.J.S.A. 54:10A-4(k), supra. Plaintiff argues that the statutory language contained therein providing that, entire net income be deemed prima facie to be the taxable income reported for federal income tax purposes, applies only to items which the taxpayer is “required” to report and that the New Jersey Legislature intended to include only income which a taxpayer was “compelled” by law to report, but it had no application to those items as to which an election is provided in the I.R.C.
Plaintiff has cited no statutory regulatory provisions or judicial authority in support of its legislative interpretation of this statute. Plaintiffs claim of deduction is essentially a claim for exemption of its received ESOP credits from its entire net income. The general rule as to the construction of exemptions in tax statutes is that such exemptions are to be strictly construed because an exemption from taxation is a departure from the *543 equitable principle that everyone should bear his just and equal share of the public burden of taxation. Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961). Exemptions from taxation are to be construed narrowly, Boys Club of Clifton v. Tp. of Jefferson, 12 N.J. 389, 398, 371 A.2d 22 (1977), and against the claimant. Fedders Financial Corp. v. Taxation, Div. Director, 96 N.J. 376, 386, 476 A.2d 741 (1984). Taxation is the rule and exemption is the exception to the rule. The legislative design to release one from his just proportion of the public burden should be expressed in clear and unequivocal terms. Board of National Missions, etc. v. Neeld, 9 N.J. 349, 353, 88 A.2d 500 (1952). The burden is upon the claimant to clearly bring himself within the exemption provisions. Ibid.
In interpreting N.J.S.A. 54:10A-4(k), this initial clause is to be read together with subsection (2) thereunder which states: “Entire net income shall be determined without the exclusion, deduction or credit of: (A) the amount of any specific exemption or credit allowed in any law of the United States imposing any tax on or measured by the income of corporations.”
A plain reading of N.J.S.A 54:10A-4(k) reveals, as stated by Judge Andrew of this court, that “[wjhile the starting point for determination of entire net income under the act is taxable income, before net operating loss deductions and special deductions which the taxpayer is required to report for federal income tax purposes, the corporation business tax deviates from the federal tax by providing its own inclusions and exclusions from the tax base.” International Flavors & Fragrances, Inc. v. Director, 5 N.J.Tax 617, 624 (1983), aff'd 1 N.J.Tax 652 (App.Div. 1984), aff'd, 102 N.J. 210, 507 A.2d 700 (1986); [emphasis added]. Here, the Legislature specifically mandated the exclusion of credits allowed by federal law.
Contrary to plaintiffs interpretation of our Legislature’s intention relative to calculating “entire net income,” when the Legislature intended to allow taxpayers the option to follow the federal election, the Legislature enacted a specific statute. For example, see N.J.S.A 54:10A-5(d) (A taxpayer who elected to be a federal *544 real estate investment trust [REIT], can elect REIT status for CBT purposes).
It is obvious from the Legislature’s provision in the CBT act for its own inclusions and exclusions from the tax base that it did not intend, nor did it allow, taxpayers to elect one tax option for federal income tax purposes and another tax option for State tax purposes. General Trading Co. v. Director, Division of Taxation, 83 N.J. 122, 416 A.2d 37 (1980). Absent a specific statutory provision, taxpayers cannot vary from their federal elections. The entire income base for the CBT act is similar to the tax base for federal corporate income tax purposes. Amerada Hess Corp. v. Director, Div. of Taxation, 107 N.J. 307, 311, 526 A.2d 1029 (1987), aff'd, 490 U.S. 66, 109 S.Ct. 1617, 104 L.Ed.2d 58 (1989). Therefore, I conclude that the Director was clearly authorized to infer that N.J.S.A 54:10A-4(k)(2)(A) requires that in calculating entire net income, one starts with federal taxable income which is determined without the deduction of any contributions made to an ESOP for which the taxpayer received credits.
Plaintiff next contends that the CBT act does permit employer contributions to a qualified stock bonus plan whether or not it is an ESOP, because defendant has no policy prohibiting the deduction when a credit for federal income tax purposes is taken. It reasons that although the Director has not promulgated any regulation as to the deductibility for CBT purposes of contributions to qualified stock bonus plans, such as an ESOP, she has promulgated regulations as to CBT deductibility of tax credits taken for federal foreign taxes and federal new-jobs wages, both of which it claims are conceptually identical to an ESOP credit. Plaintiff argues that the Director’s action disallowing the ESOP deduction constitutes a regulation necessitating compliance with the Administrative Procedure Act (A.P.A.), N.J.S.A 52:14B-1, et seq., but because it has not been promulgated in accordance therewith, it is an unenforceable regulation, citing Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 329, 478 A.2d 742 (1984).
*545 The Director responds that there is no need to promulgate such a rule because the CBT act provides sufficient standards from which it can be plainly inferred that plaintiff cannot deduct its contribution to its ESOP.
Defendant additionally states that the critical flaw in plaintiffs argument is that the ESOP credit differs from the jobs and foreign tax credit in that they are allowed because they are existing deductible expenses reflecting conventional expenditures normally appearing above line 28 on the federal return, however, under the ESOP, no pre-existing deductible expense exists.
Whether the ESOP credit is conceptually identical to, or differs from, the new-jobs credit and foreign tax credits is not germane to the resolution of plaintiffs allegations. There is not properly before this court in this proceeding a challenge to the correctness of the director’s regulations relative to the latter two credits. The sole question is whether the director’s action in disallowing plaintiffs ESOP deduction constituted the adoption of an unlawful regulation.
In Metromedia, supra, our Supreme Court established the guidelines in determining the requirement to adopt an administrative rule. Therein the court pointedly ruled that agency action does not constitute rule making “[w]hen it is expressly authorized or obviously inferable from the specific language of the enabling statute.” 97 N.J. at 329, 478 A.2d 742. This court has herein earlier concluded that the CBT act provides clearly sufficient authorization from which it may be inferred that a taxpayer cannot deduct its contribution to its ESOP, a fortiori, the Director’s determination that AT & T cannot take a deduction is “obviously inferable from the specific language of the enabling statute,” therefore, her action does not constitute invalid rule making, and, as such, adoption of a regulation pursuant to the provisions of the A.P.A. was unnecessary.
I conclude that the CBT act does not allow a corporation to deduct amounts reimbursed to a federal ESOP, therefore, the Director properly disallowed plaintiffs deduction of its contribution from its CBT entire net income and AT & T’s $9,742,119 in *546 ESOP contributions was correctly included in its entire net income on its CBT return.
The final determination of the Director is affirmed.

 An ESOP holds the employer's stock in a tax-exempt trust for the benefit of participating employees and provides tax credits to the employer establishing such plans.

 It was stipulated that all I.R.C. statutory citations are to the I.R.C. in effect for the tax year 1983 except as noted otherwise.

 An unused credit may be carried back three years or carried forward 15 years. The balance of any unused credit is deductible at the end of the 15th carry-over year. Plaintiff has no unused credit that can be deducted thereunder.