785 A.2d 476 (2001)
345 N.J. Super. 443
John RECK and Barbara Reck, Plaintiffs-Respondents,
v.
DIRECTOR, DIVISION OF TAXATION, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 2001.
Decided December 7, 2001.
*477 Patrick DeAlmeida, Deputy Attorney General, argued the cause for appellant (John J. Farmer, Jr., Attorney General, *478 attorney; Michael J. Haas, Assistant Attorney General, of counsel; Mr. DeAlmeida, on the brief).
Charles M. Costenbader, Newark, argued the cause for respondents (McCarter & English, attorneys; Margaret C. Wilson and Michael A. Guariglia, on the brief).
Before Judges STERN, EICHEN and PARKER.
The opinion of the court was delivered by STERN, P.J.A.D.
The interesting and important question raised by this appeal is whether contributions made to a qualified retirement plan under the federal Keogh Act are deductible for purposes of New Jersey State Gross Income Tax purposes. We uphold the determination of the Director of the Division of Taxation that they are not, and reverse the Tax Court's decision in this case to the contrary.

I.
Defendant, the Director of the Division of Taxation, appeals from a judgment of the Tax Court, entered on April 27, 2000, in essence, rejecting the Director's assessments for the tax years 1992 and 1993 for Keogh Plan contributions.[1] The matter was tried on stipulated facts, and the issue before us is purely one of law regarding whether Keogh Plan contributions are deductible from the "partner's distributive share of partnership income" (under N.J.S.A. 54A:5-1k) for purposes of the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 to 10-12. The Director argues that:
The trial court incorrectly determined that taxpayers may deduct from their gross income the amounts diverted from partnership profits to a partner's personal non-[Internal Revenue Code] section 401(k) retirement plan.
While "[w]e generally defer to the Tax Court's expertise" and have a limited scope of review following a determination of that court, Little Egg Harbor Tp. v. Bonsangue, 316 N.J.Super. 271, 285, 720 A.2d 369 (App.Div.1998), we must also recognize "the Director's expertise, particularly when exercised in the specialized and complex area covered by the[ ] provisions" of the Gross Income Tax ("GIT") Act. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). In this case, we must recognize the primacy of the latter and, given our scope of review, validate the Director's interpretation.
We acknowledge our concern that contributions, pursuant to an act of Congress, designed to defer the taxation of income on the federal level until distribution of the pensions are not given such treatment in New Jersey. But State taxation, like federal taxation, is a matter of statutory law and the states can tax income even if deductible or subject to an exclusion under federal tax law. The state and federal tax statutes are not parallel. Smith v. Director, Div. of Taxation, 108 N.J. 19, 32, 527 A.2d 843 (1987). Thus, while we should endeavor to interpret our income tax law to be consistent with federal law, in order to provide uniformity, understanding and consistency when our statute does not provide otherwise, this case requires a different result because N.J.S.A. 54A:6-21 permits a deduction only for contributions to I.R.C. § 401(k) *479 plans. See 26 U.S.C.A. § 401. There is no dispute that the Keogh Plan involved in this case qualifies under I.R.C. § 401(a) but is not an approved plan under section 401(k).

II.
The background and facts are well detailed by the trial judge in his thorough reported opinion. Reck v. Director, Div. of Taxation, 18 N.J.Tax 598, 600-02 (Tax 2000). The judge concluded that the Keogh Plan contributions made by the Ernst & Young partnership of which plaintiff John Reck was a member could be taken as deductions on plaintiff's 1992 and 1993 New Jersey gross income tax returns. Id. at 610. Ernst & Young also had a qualified section 401(k) pension plan, and deductions for contributions thereto are not in dispute. Reck, supra, 18 N.J.Tax at 602. As the Tax Court noted the Division's regulations for the tax years in question, and at present, permit deductibility of contributions on behalf of partners to qualified section 401(k) plans, but not to plans which do not qualify under section 401(k). The Tax Court nevertheless concluded that the Supreme Court's opinion in Koch v. Director, Div. of Taxation, 157 N.J. 1, 722 A.2d 918 (1999),[2] and "N.J.S.A. 54A:5-1j and N.J.S.A. 54A:6-10 and -21 necessarily incorporate[ ] a determination that partnership contributions to Keogh Plans on behalf of partners are deductible business expenses under N.J.S.A. 54A:5-1b, which defines net profits from business." Id. at 617. Because we do not read Koch as applying to a case involving retirement and pension plan contributions and believe that N.J.S.A. 54A:6-21 is controlling, we reverse the judgment of the Tax Court.
Like all administrative regulations, the Division's regulations are entitled to a presumption of reasonableness. A person challenging a regulation, therefore, has to demonstrate that the rule is arbitrary, capricious or unreasonable. See New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 562-63, 384 A.2d 795 (1978). "When an administrative agency interprets and applies a statute it is charged with administering in a manner that is reasonable, not arbitrary or capricious, and not contrary to the evident purpose of the statute, that interpretation should be upheld, irrespective of how the forum court would interpret the same statute in the absence of regulatory history." Blecker v. State, 323 N.J.Super. 434, 442, 733 A.2d 540 (App.Div. 1999). See also Smith v. Director, Div. of Taxation, supra, 108 N.J. at 25-26, 527 A.2d 843; Sutton Warehousing, Inc. v. Director, Div. of Taxation, 290 N.J.Super. 686, 697, 676 A.2d 615 (App.Div.1996). This is particularly so because the true meaning and intent of a provision of the GIT Act "must be read and interpreted in the context of [legislation] as a whole." Vinnik v. Director, Div. of Taxation, 12 N.J.Tax 450, 453 (Tax 1992).
When examined as a whole, the GIT Act establishes a tax on New Jersey gross income reduced only by deductions, *480 exemptions and credits expressly recognized by the Legislature. Vinnik, supra, 12 N.J.Tax at 453-54. Thus, "[t]axation is the rule and exemption is the exception to the rule[,][and][t]he legislative design to release one from his just proportion of the public burden [must] be expressed in clear and unequivocal terms." AT & T Co. v. Director, Div. of Taxation, 13 N.J.Tax 534, 543 (Tax 1993); see also Princeton University Press v. Borough of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961). To the extent that plaintiffs seek to establish a deduction from taxable gross income, they have the burden of establishing a clear statutory basis therefor. See Amerada Hess Corp. v. Director, Div. of Taxation, 107 N.J. 307, 319-20, 526 A.2d 1029 (1987), aff'd, 490 U.S. 66, 109 S.Ct. 1617, 104 L.Ed.2d 58 (1989); Metpath, Inc. v. Director, Div. of Taxation, 96 N.J. 147, 153, 474 A.2d 1065 (1984); Princeton University Press, supra, 35 N.J. at 214, 172 A.2d 420.

III.
Partnerships, as such, are not subject to taxation under the New Jersey GIT Act. See N.J.S.A. 54A:2-2. Rather, partnership earnings are "passed through" to the partners, who are subject to income tax as individuals. N.J.S.A. 54A:5-4; see also N.J.S.A. 54A:2-1. Under the Act, gross income includes each New Jersey resident's "[d]istributive share of partnership income." N.J.S.A. 54A:5-1k.[3] Although distributive share of partnership income is not expressly defined in the GIT Act, "the Legislature intended profits earned in the ordinary course of business of a partnership to be treated similarly to profits earned in the ordinary course of business of a proprietorship...." Smith v. Director, Div. of Taxation, supra, 108 N.J. at 28, 527 A.2d 843. As the Supreme Court has said, "`insofar as income derived from a business conducted in [sole] proprietorship or partnership form is concerned, [the GIT Act] imposes a tax on net income.'" Id. at 26-27, 527 A.2d 843 (quoting Smith v. Director, Div. of Taxation, 7 N.J.Tax 187, 194 (Tax 1984)). Therefore, each partner's derivative share of the "net profits" from the operation of a partnership is included in each partner's individual gross income. See N.J.S.A. 54A:5-1b (defining "net profits from business").[4] Hence, gross income includes "net income from the operation of a business, profession or other activity after provision for all costs and expenses incurred in the conduct thereof, determined either on a cash or accrual basis in accordance with the method of accounting allowed for federal income tax purposes...." N.J.S.A. 54A:5-1b.
In Sabino v. Director, Div. of Taxation, 296 N.J.Super. 269, 275, 686 A.2d 1197 (App.Div.1996), we explained that "`all costs and expenses' are not deductible simply because the business incurred *481 them. They must be `ordinary' business expenses." We expressly rejected the notion that "`all costs and expenses' as used in N.J.S.A. 54A:5-1b means, virtually, any and all expenses of a business, whether related or unrelated to the conduct of that business." Ibid. Therefore, in order to be deductible, a cost or expense must be incurred in the ordinary and regular course of the operation of the partnership's business.
The regulations in effect for the years in question[5] explained the taxability of Keogh Act contributions as follows:
(f) Keogh Plan:
1. Contributions by a partnership to a Keogh Plan made on behalf of employees deductible as ordinary and necessary business expenses for federal income tax purposes are deductible for New Jersey gross income tax purposes in determining the net income of a partnership. The employees on whose behalf such contributions to a Keogh Plan were made by the partnership are not subject to gross income tax on such amounts contributed by their employer until withdrawals from the Keogh Plan are made by them. The employees are not deemed to have actually or constructively received the employer contributions at the time they were made to the Keogh Plan. At the time of withdrawal by an employee both the employer contribution and accumulated interest is subject to tax.
2. Contributions by the partnership to a Keogh Plan made on behalf of the partners are not a deductible business expense on the partnership return. Such Keogh contributions made by the partnership on behalf of the individual partners are taxable income to th[e] individual partners for New Jersey gross income tax purposes. There is no provision in the gross income tax law for the deduction of such partnership Keogh contributions. These amounts are not subject to tax when subsequently withdrawn by the partners.
3. The interest income accumulated on the contributions made to a Keogh Plan on behalf of the partners is not subject to tax during the period of a partner's participation. Such interest shall become subject to tax at the time of withdrawal from the plan by the participant. When periodic withdrawals are made by a partner, the accumulated interest in the plan is subject to tax in the ratio that the interest bears to the total amount in the partner's account.

[N.J.A.C. 18:35-1.14(f).]
The following "example" was included in the regulation:

Example 2:
A partnership makes a contribution to a Keogh Plan on behalf of the partners for $3,000 and on behalf of the employees for $4,500. The partnership may deduct the $4,500 contribution on behalf of the employees as a business expense for the taxable year and the employees will not include the $4,500 as income until withdrawal is made from the Keogh Plan. The partnership cannot deduct the $3,000 contribution made on behalf of the partners as a business expense for the taxable year. Each partner must include his share of the *482 $3,000 as a distributive share of partnership income in the taxable year the contributions are made. The $3,000 will not be taxable to the partners when withdrawal is made by them.[6]
It is reasonable for the Director to conclude that contributions to Keogh Plans made on behalf of a partner constitute a portion of the partnership's profits otherwise distributable to the individual partner and, thus, are not an ordinary business expense. Moreover, the former and present regulations, to the effect that Keogh Plan contributions made on behalf of a partner are not deductible business expenses, are also consistent with the controlling statute, N.J.S.A. 54A:6-21, and the controlling precedent.
N.J.S.A. 54A:6-21 provides:
Gross income shall not include amounts contributed by an employer on behalf of and at the election of an employee to a trust which is part of a qualified cash or deferred arrangement which meets the requirements of section 401(k) of the 1954 Internal Revenue Code [26 U.S.C.A. § 401(k), as amended.]
Mutch v. Division of Taxation, 9 N.J.Tax 612 (Tax 1988), aff'd o.b., 11 N.J.Tax 87 (App.Div.1989), held that employer contributions to a Simplified Employee Pension Plan ("SEP") are not deductible from the employee's gross income. The Tax Court, affirmed by us, concluded that the taxpayer's "SEP plan is not included within [Internal Revenue Code] section 401(a) plans but instead it is one type of an individual retirement account (IRA) permitted under section 408 and it is less complex than a qualified retirement plan under section 401(k)." Mutch, supra, 9 N.J.Tax at 618. The contributions were, therefore, not subject to taxation, as claimed by the taxpayer, "only when the funds are finally withdrawn." Id. at 619. According to Judge Lario:
Contrarily, because of the clear distinction between the two sections, by explicitly limiting only section 401(k) contributions from gross income in the 1983 amendment, N.J.S.A. 54A:6-21, the Legislature clearly indicated its intent to limit that exclusion only to those plans.

[9 N.J.Tax at 619.]
In Dantzler v. Director, Div. of Taxation, 18 N.J.Tax 490, 492 (Tax 1999),[7] the Tax Court had to decide, among other issues, whether "certain non-401(k) pension contributions of Mr. Dantzler's law partnership [were] deductible from his taxable distributive share of partnership income[.]" In holding in the negative, the Dantzler court relied on N.J.S.A. 54A:6-21, which, by its express terms, applies only to contributions made to a deferred compensation plan which qualified under I.R.C. section 401(k).
The significance of N.J.S.A. 54A:6-21 was recently emphasized by Judge Small in Sidman v. Director, Div. of Taxation, *483 18 N.J.Tax 636, 637 (Tax 2000), which held that "a taxpayer may [not] deduct interest on a loan, the proceeds of which were used to purchase shares in a New Jersey subchapter S corporation, from his pro rata share of the S corporation's income." In distinguishing Koch v. Director, Div. of Taxation, 157 N.J. 1, 722 A.2d 918 (1999), upon which the taxpayer and Tax Court relied in this case, Judge Small in Sidman wrote:
Prior to the enactment of N.J.S.A. 54A:6-21, no pension plan contributions were deductible for New Jersey GIT purposes. Due to pressure by businesses with 401(k) plans to have the contributions to those plans exempt from taxation for New Jersey GIT purposes, they and only they were exempted.

[Id. at 645 n. 1 (citing Mutch v. Director, Div. of Taxation, 9 N.J.Tax at 619 (emphasis added).)]
Judge Small quoted the fiscal note referred to in the Assembly Committee Statement to the bill which became N.J.S.A. 54A:6-21:
Fiscal Impact. The Division of Taxation states that there are no available data to offer a reasonable estimate; however, it was stated that this may result in a $1 million loss in revenue.... The division commented that these types of plans are only one of many which, if in the future receive the same treatment, could result in revenue losses that could be quite substantial.

[Ibid. (emphasis added).]
In light of this legislative history resulting in N.J.S.A. 54A:6-21, the Tax Court in Sidman concluded that:
To extend the reading of N.J.S.A. 54A:6-21 to incorporate federal concepts of pension deductibility on the basis of Koch [v. Director, Div. of Taxation, 157 N.J. 1, 722 A.2d 918 (1999)] goes beyond the intention of the Legislature in enacting N.J.S.A. 54A:6-21 and the limited ruling in Koch. ... The Legislature acknowledged in the above-quoted statement that these other plans might receive this treatment in the future. No amendments to N.J.S.A. 54A:6-21 have been made since 1983.
[Sidman, supra, 18 N.J.Tax at 645 n. 1.]
Our recent affirmance of the Tax Court in Sidman compels our reversal here. In holding that the taxpayer could not deduct interest on the loan used to purchase shares of his subchapter S-corporation although he could do so for federal tax purposes, we said:
The New Jersey gross income tax was conceived as a tax on gross income, not net. Smith v. Dir., Div. of Taxation, 108 N.J. 19, 32, 527 A.2d 843 (1987). The legislative history of the Act reveals that the Legislature wished to limit deductions as a way of avoiding the tax shelters and "loopholes" found in the federal tax laws. Id. at 30-31, 527 A.2d 843.
....
Moreover, statutes granting exemptions and deductions from taxation are strictly construed against those claiming the exemption or deduction. INDOPCO, Inc. v. Comm'r of Internal Revenue, 503 U.S. 79, 83, 112 S.Ct. 1039, 1043, 117 L.Ed.2d 226, 233-34 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348, 1352 (1934); Princeton Univ. Press v. Bor. of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961); Bd. of Nat'l Missions of Presbyterian Church in United States v. Neeld, 9 N.J. 349, 353, 88 A.2d 500 (1952). To exempt property from a tax burden, the legislative intent must be expressed in the statute in clear and *484 unmistakable terms. Neeld, supra, 9 N.J. at 353, 88 A.2d 500. A taxpayer seeking a deduction must be able to point to an applicable statute and show that he or she comes within its terms. INDOPCO, supra, 503 U.S. at 83, 112 S.Ct. at 1043, 117 L.Ed.2d at 233-34. "The predicate for this principle is that the existence of government depends on tax revenues; without such revenues government cannot function." Metpath, Inc. v. Dir., Div. of Taxation, 96 N.J. 147, 152, 474 A.2d 1065 (1984).

[Sidman v. Director, Div. of Taxation, 19 N.J.Tax 484, 488-89 (App.Div. 2001), certif. denied, 170 N.J. 387, 788 A.2d 772 (2001).]
We thus rejected the concept of deductibility premised on the theory that a subchapter S corporation, like a partnership, is a "pass through" entity. Id. at 492-94. Our opinion in Sidman, like the trial court opinions in Sidman and this case, postdate Koch, and we do not read Koch, which dealt with accounting principles regarding the cost basis of a partnership interest, to involve a question relating to pension or retirement plan contributions. Moreover, given the general principles of New Jersey tax law and the relevant legislative history of N.J.S.A. 54A:6-21, quoted by Judge Small, we read the express authorization for the deductibility of section 401(k) contributions to preclude similar treatment of other types of pension and retirement plans, although not expressly prohibited. See also N.J.S.A. 54:6-10.
As explained in Mutch, supra, 9 N.J. Tax at 619, "by explicitly limiting only section 401(k) contributions from gross income in ... N.J.S.A. 54A:6-21, the Legislature clearly indicated its intent to limit that exclusion only to those plans. Had the Legislature intended to confer a similar benefit to" other plans recognized by the Internal Revenue Code "it could easily and effectively have done so by merely adding the [necessary] words" to N.J.S.A. 54A:6-21, which (despite other amendments to the GIT Act) has not been amended despite Mutch and the later cases since 1983. Accordingly, consistent with our affirmances in Mutch and Sidman, we now hold that plaintiff's Keogh Act contributions are not deductible for New Jersey gross income tax purposes.
The judgment is reversed.
NOTES
[1] The judgment actually modifies assessments which included an adjustment for deductions of interest on loans taken to fund plaintiff John Reck's capital contribution to his employer, Ernst & Young, which the Director does not pursue on this appeal.
[2] In Koch, the Supreme Court was called upon to determine "the proper method for calculating a taxpayer's cost basis for a partnership interest and, specifically, whether that cost basis should be the purchase price or the taxpayer's federal adjusted basis...," 157 N.J. at 3, 722 A.2d 918. The Court in Koch found that the relevant statutory provision, N.J.S.A. 54A:5-1c, which deals with the calculation of "[n]et gains or income from disposition of property[,]" did not "admit of only one interpretation," id. at 7, 722 A.2d 918 (quoting Walsh v. Director, Div. of Taxation, 10 N.J.Tax 447, 449 (Tax 1989), aff'd, 240 N.J.Super. 42, 572 A.2d 222 (App.Div. 1990)), and contained no express provision rejecting the federal principle sought by the taxpayer.
[3] At the time the returns in question were filed, N.J.A.C. 18:35-1.14(b)1 provided that "[a] partnership as such is not subject to tax. However, the individual partner of a partnership shall be subject to tax as provided in this section on his share of the income or gain, whether or not distributed, which was received or accrued by the partnership for its taxable year ending within or with the partner's taxable year." N.J.A.C. 18:35-1.14(b)2 provided that "[a] partner who is a resident taxpayer of New Jersey shall report his entire share of the income or gain from a resident or nonresident partnership regardless of where such income or gain was earned." These provisions remain substantially unchanged. See N.J.A.C. 18:35-1.3(b).
[4] The present N.J.A.C. 18:35-1.3(c)1 expressly provides that "[a] partnership shall determine its income or loss for purposes of this subsection in the same manner a sole proprietorship determines `net profits from business' pursuant to N.J.A.C. 18:35-1.1(c) and (d)."
[5] We quote regulations received from the State Library and learned that the version quoted by the Tax Court was proposed in February 1993 and adopted in March 1994. The quoted regulations, therefore, were proposed and adopted, respectively, before the 1992 and 1993 returns were actually filed on April 8, 1993 and April 5, 1994. There is no substantive difference between the quoted versions and, in any event, we do not rely on the regulations.
[6] The present regulations are consistent. See N.J.A.C. 18:35-1.3(c)5 (partnership contributions "made on behalf of employees of the partnership and deductible as business expenses for Federal income tax purposes also are deductible under N.J.A.C. 18:35-1.1(d), consistent with (c) 1 above, in determining the net income of the partnership"); N.J.A.C. 18:35-1.3(d)4 ("[a] partner's contributions to the partnership's qualified Keogh [P]lan under the Internal Revenue Code are not deductible business expenses.... Such contributions are included in the participating partner's distributive share of partnership income reported for New Jersey gross income tax purposes").
[7] On reconsideration, the taxpayer was permitted to deduct "[i]nterest paid ... on money borrowed in order to meet his required capital contribution to the law firm in which he is a partner." Dantzler v. Director, Div. of Taxation, 18 N.J.Tax 507, 508 (Tax 1999).