PER CURIAM.
Plaintiff, General Motors Acceptance Corporation (GMAC), a subsidiary of General Motors (GM), appeals from the Tax Court’s dismissal of GMAC’s complaint seeking a refund of a Corporate Business Tax (CBT) GMAC paid. GMAC filed its claim untimely and the doctrine of equitable recoupment does not apply. We affirm.
When GMAC filed its CBT return for the year 2000 it included 50% of dividends generated from its foreign subsidiary as taxable income. GMAC reported the dividends because it understood mistakenly that it owned less than 80% of the subsidiary.
The Internal Revenue Service (IRS) then audited GM’s 1998, 1999 and 2000 consolidated returns. As a result, GMAC owed *96 more taxes for the 2000 tax year. After the audit, GMAC prepared a revenue agent report (RAR) and learned that its 2000 CBT return incorrectly characterized its ownership interest in the foreign subsidiary as less than 80%. GMAC’s actual ownership interest was 100%.
On November 10, 2005, GMAC filed an amended CBT return for the tax year 2000 reflecting that it owed additional CBT. GMAC understood that because it had owned 100% interest in the subsidiary, it should have paid less CBT because it could have excluded the taxable income from the subsidiary for the 2000 CBT tax year. To correct its mistake, GMAC offset the 2000 CBT it owed and withheld $992,280. GMAC therefore attempted to refund itself the CBT it paid mistakenly rather than pay all the additional CBT it owed.
On January 26, 2006, the Division issued a Notice of Assessment to GMAC that disallowed the offset. GMAC protested and the Division issued a final determination upholding the notice. GMAC then filed a complaint in the Tax Court.
The Division filed a motion to dismiss GMAC’s complaint because it was filed beyond the four-year statute of limitations of N.J.S.A. 54:49-14(a). In dismissing GMAC’s complaint, the Tax judge concluded that GMAC’s refund claim was filed untimely, that GMAC was not entitled to an extension because its claim was not attributable to the federal adjustment as expressly required by N.J.S.A. 54:10A-13, and that the doctrine of equitable recoupment was inapplicable because GMAC’s claim and the federal adjustment did not arise from a single transaction.
On appeal, GMAC argues that: (1) it properly sought an offset pursuant to N.J.S.A. 54:49-16(b); (2) the doctrine of recoupment entitles GMAC to an offset; and (3) equity and justice permit an offset to GMAC.
Generally, the Tax Court is afforded discretion due to its familiarity with such matters. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984); Reck v. Director, Div. of Taxation, 345 N.J.Super. 443, 446, 785 A.2d 476 (App.Div.2001), aff'd o.b., 175 N.J. 54, 811 A.2d 458 (2002). The *97 Division’s summary judgment motion[1] called for the disposition of a legal questions that is subject to de novo review. Pressler & Verniero, Current N.J. Court Rules, Comment 3.2.1 on R. 2:10-2; see also Am. Fire & Cas. Co. v. Div. of Taxation, 189 N.J. 65, 79, 912 A.2d 126 (2006).
I
We begin by addressing GMAC’s argument that it properly sought an offset pursuant to N.J.S.A. 54:49—16(b). We conclude that GMAC’s complaint is barred by the four-year statute of limitations, the four year period may not be extended, and GMAC is not entitled to an offset pursuant to N.J.S.A 54:49—16(b).
A taxpayer has four years from the payment of tax to seek a refund. The time limitation is governed by N.J.S.A. 54:49-14(a), which provides:
Any taxpayer, at any time within four years after the payment of any original or additional tax assessed against him, unless a shorter limit is fixed by the law imposing the tax, may file with the director a claim under oath for refund____
GMAC paid its 2000 CBT on September 14, 2001. GMAC filed its refund claim on November 10, 2005, beyond the four-year period.
If a refund claim is attributable to a federal adjustment, the taxpayer is entitled to extend the time in which to make a refund claim for an additional four years. N.J.S.A 54:10A-13 provides:
If the amount of the taxable income for any year of any taxpayer as returned to the United States Treasury Department is changed or corrected by the Commissioner of Internal Revenue ... such taxpayer shall report such changed or corrected taxable income ... within 90 days after the final determination of such change or correction ... and shall concede the accuracy of such determination or state wherein it is erroneous. Any taxpayer filing an amended return with such department shall also file within 90 days thereafter an amended report with the director. The periods of limitation to make deficiency assessments under R.S. 54:49-6 and to file claims for refund under R.S. 54:49-14 shall commence to run for additional four year periods from the date that taxable income is finally changed or corrected by the Commissioner of Internal Revenue; provided, that the additional *98 periods of limitation shall only be applicable to the increase or decrease in tax attributable to the adjustments in such changed or cmrected taxable income.
[ (emphasis added).]
GMAC has not suggested that its refund claim is attributable to the federal adjustment. GMAC’s CBT overpayment occurred from its own mischaraeterization of its ownership interest in its foreign subsidiary. The extended period of limitations under N.J.S.A. 54:10A-13 is therefore inapplicable.
The Division argues that GMAC “seeks to piggy-back its untimely refund claim, under the guise of a credit and offset under N.J.S.A. 54:49-16(b).” Under certain circumstances, which do not exist here, N.J.S.A. 54:49-16(b) enables a taxpayer to seek an offset of taxes erroneously or illegally collected:
(1) Where no questions of fact or law are involved and it appears from the audit of any taxpayer that a State tax has been erroneously or illegally collected from such taxpayer, or has been paid by such taxpayer under a mistake of fact or law, (2) the director, may, within the time in which a deficiency assessment of that tax may be made, (3) credit the erroneous overpayment of tax to the account of the taxpayer to offset the amount of a deficiency; provided, however, (4) that a credit shall only be applied to offset a liability for a period covered by the assessment period and (5) shall only be granted with respect to a deficiency assessment made by the director under the same State tax as the erroneous overpayment.
INJ.S.A. 54:49-16(b) (alteration to original).]
GMAC contends that it properly sought an offset pursuant to N.J.S.A. 54:49-16(b), yet it does not appear from the federal audit that the State erroneously or illegally collected taxes from GMAC. In fact, the audit of GM’s consolidated tax returns resulted in an increase of CBT for GMAC, not a decrease.
Moreover, GMAC’s complaint was not filed “within the time in which a deficiency assessment of that tax may be made.” N.J.S.A. 54:49—6(b) governs the time in which a deficiency assessment of a CBT may be made and provides in pertinent part that:
No assessment of additional tax shall be made after the expiration of more than four years from the date of filing of a return; provided, that in the case of a false or fraudulent return with intent to evade tax, or failure to file a return, the tax may be assessed at any time. If a shorter time for the assessment of additional time is fixed by the law imposing the tax, the shorter time shall govern.
GMAC’s claim is beyond the four-year statute of limitations for deficiency assessments, and may not be extended pursuant to N.J.S.A. 54:10A-13 because GMAC’s claim is not attributable to *99 the federal adjustment to its 2000 taxable income. Thus, N.J.S.A. 54:49-16(b) provides no basis to permit a credit to offset the increase in tax resulting from the federal adjustment.
II
We reject GMAC’s contention that it is entitled to an offset pursuant to the doctrine of equitable recoupment.
“In general legal practice, recoupment is in the nature of a counterclaim raised as a defense by a defendant against whom a plaintiff has made some type of money demand.” Superior Air Products Intl, Inc. v. Director, Div. of Taxation, 9 N.J.Tax 463, 470 (Tax), aff'd o.b., 10 N.J.Tax 238 (App.Div.1988). The United States Supreme Court has explained “[sjuch a defense is never barred by the statute of limitations so long as the main action itself is timely.” Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 700-01, 79 L.Ed. 1421, 1428 (1935).
Recoupment, however, has a “limited scope” in tax litigation. Rothensies v. Elec. Storage Battery Co., 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296, 299 (1946). The Supreme Court in Rothensies explained:
[Recoupment] has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole.
The application of this general principle to concrete cases in both of the cited decisions {Bull, supra, and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937) ], is instructive as to the limited scope given to recoupment in tax litigation. In both cases a single transaction constituted the taxable event claimed upon and the one considered in recoupment. In both, the single transaction or taxable event had been subjected to two taxes on inconsistent legal theories, and what was mistakenly paid was recouped against what was correctly due.
[Id. at 299-300, 67 S.Ct. at 272, 91 L.Ed. at 299.]
The Supreme Court of New Jersey adopted the federal doctrine of recoupment in Beneficial Finance Co. v. Swaggerty, 86 N.J. 602, 609, 432 A.2d 512 (1981). The Court explained:
Inherent in the concept of recoupment is the notion of fundamental fairness. The underlying policy is “to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole.” Rothensies, supra, 329 U.S. at *100 299, 67 S.Ct. at 272, 91 L.Ed. at 299. New Jersey similarly defines recoupment as “the reduction of a claim because of an offsetting claim arising out of exactly the same transaction____” Gibbons [Gibbins] v. Kosuga, 121 N.J.Super. 252, 258 [296 A.2d 557] (Law Div.1972).

[Ibid.]

There are three elements of equitable recoupment: (1) there must be a single transaction, (2) there must be an identity of interest among parties, and (3) a need to balance the equities must exist. Superior Air Products Int’l, Inc., supra, 9 N.J.Tax at 473. GMAC fails to meet the first and third elements.
GMAC does not meet the first requirement because GMAC’s claim and the federal audit of GM do not arise from the same transaction. GMAC’s claim for recoupment did not arise out of the audit of GM. GMAC’s claim is due to its own erroneous 2000 CBT return. Federal and New Jersey courts view a single transaction “as one involving only a particular item on a tax return or a single event or transaction during the tax period [in question].” Id. at 474 (internal quotations and citations omitted); see also Boyle v. United States, 380 F.2d 973, 974-75 (3d Cir.1967).
The third requirement, equity, does not favor GMAC. GMAC argues that equity favors its claim because the State collected too much tax. At best, the equities in this ease do not favor one side or the other, rather they are neutral. Two factors weigh against GMAC. First, GMAC is a sophisticated taxpayer. Second, statutes of limitations are “an almost indispensable element of fairness ... the taxpayer sometimes gets advantages and at other times the Government gets them.” Rothensies, supra, 329 U.S. at 301-02, 67 S.Ct. at 273, 91 L.Ed. at 300. Statutes of limitations in tax matters are strictly construed for purposes of finality and predictability of governmental revenues. Bonanno v. Director, Div. of Taxation, 12 N.J.Tax 552, 556 (1992); Franklin Twp. v. Dep’t of Envtl. Prot., 7 N.J.Tax 224, 231 (Tax 1984), aff'd o.b., 7 N.J.Tax 657 (App.Div.1985).
We have carefully reviewed the record and the arguments presented by counsel and conclude that the remaining issues *101 presented by GMAC are without sufficient merit to warrant discussion in a written opinion. R. 2:ll-3(e)(l)(E).
Affirmed.

 The Tax judge converted the Division’s motion to dismiss into a summary judgment motion because he used material outside the pleadings by adopting GMAC's statement of material facts. R. 4:6-2(e).